Dear Ms. Boutsis:
As general counsel to the Housing Authority of the City of Miami Beach (HACMB), you have asked for my opinion on substantially the following question:
Whether qualification for the position of tenant commissioner for the Housing Authority of the City of Miami Beach terminates upon the issuance of the notice of termination prescribed in section 421.05(1), Florida Statutes, or whether termination occurs upon the last date that the commissioner receives a rental subsidy?
In sum:
Pursuant to section 421.05(1), Florida Statutes, a vacancy in office is created when a tenant-commissioner is no longer "current in rent" and a replacement for that officer must be appointed for the unexpired portion of the term.
According to your letter, on December 3, 2009, the HACMB issued a "notice of termination" to its current tenant commissioner. The tenant commissioner was receiving rental subsidy through the housing authority. The cause for the issuance of the notice of termination was the alleged failure to report income. You suggest that the demand for past due rent appears to make the commissioner a resident that is not current in paying rent as required by section 421.05, Florida Statutes. The notice of termination indicated that the recipient will stop receiving benefits on February 1, 2010, and provides the amount due to the agency based on unreported income.
Florida's Housing Authorities Law, Part I of Chapter 421, Florida Statutes, provides for the creation of housing authorities by municipalities.[1] A housing authority may be created if the governing body of a city, by proper resolution, declares that there is a need for such an authority.[2] As required by statute, the governing body may adopt a resolution declaring that there is a need for a housing authority in the city if it finds that:
"(a) Insanitary or unsafe inhabited dwelling accommodations exist in such city; or
(b) There is a shortage of safe or sanitary dwelling accommodations in such city available to persons of low income at rentals they can afford. In determining whether dwelling accommodations are unsafe or insanitary said governing body may take into consideration the degree of overcrowding, the percentage of land coverage, the light, air, space and access available to the inhabitants of such dwelling accommodations, the size and arrangement of the rooms, the sanitary facilities, and the extent to which conditions exist in such buildings which endanger life or property by fire or other causes."[3]
Following adoption of a resolution declaring the need for creation of a housing authority, a board of commissioners shall be appointed. The board must consist of between five and seven persons who are appointed by the mayor with the approval of the municipal governing body.[4] Commissioners serve a four-year term of office and any vacancy is to be filled for the unexpired term by an appointment by the mayor with the approval of the governing body within 60 days after that vacancy occurs.
Section 421.05(1), Florida Statutes, requires that
"Each housing authority created pursuant to this chapter shall have at least one commissioner who shall be a resident who is current in rent in a housing project or a person of low or very low income who resides within the housing authority's jurisdiction and is receiving rent subsidy through a program administered by the authority or public housing agency that has jurisdiction for the same locality served by the housing authority, which commissioner shall be appointed at the time a vacancy exists."
Thus, the statute requires that each housing authority include a commissioner who is a resident in a housing project and is current in his or her rent or a commissioner who is a low income resident within the housing authority's jurisdiction. This commissioner need not satisfy both sets of criteria as these requirements are expressed in the disjunctive.[5] The dual nature of these qualifications is also expressed in the provision for termination of a commissioner's office: "[t]he cessation of a tenant-commissioner's tenancy in a housing project or the cessation of rent subsidy shall remove such tenant-commissioner from office, and another person meeting the qualifications required for the office shall be appointed for the unexpired portion of the term." (e.s.)
The statute provides that, as a qualification for service as a tenant-commissioner on the housing authority, the commissioner be "current in rent." At such time as the resident commissioner is no longer current in his or her rent payments, that commissioner is no longer qualified to serve and a vacancy in office occurs. The statute appears to reflect a broader recognition that a commissioner's tenancy may be terminated for any number of reasons, including non-payment of rent, and resulting in a vacancy in office.
In sum, it is my opinion that, pursuant to section 421.05(1), Florida Statutes, a vacancy in office is created when a tenant-commissioner is no longer "current in rent" and a replacement for that officer must be appointed for the unexpired portion of the term. A notice of termination predicated on a demand for past rent due and owing to the Housing Authority of the City of Miami Beach would appear to make the tenant-commissioner no longer "current in rent" and a vacancy in that office occurs.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 421.03(3), Fla. Stat., providing that a "[g]overning body" is "the city council, the commission, or other legislative body charged with governing the city," and s. 421.04(1), Fla. Stat.
[2] Section 421.04(1), Fla. Stat.
[3] Section 421.04(2), Fla. Stat.
[4] Section 421.05(1), Fla. Stat.
[5] See Op. Att'y Gen. Fla. 85-63 (1985) (word "or" ordinarily, and in ordinary use and in its accurate primary and natural meaning, is a disjunctive particle).